**Opinion issued June 20, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00274-CR

————————————

**JAVON LEE GILBERT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Case No. 1409965**

---

## MEMORANDUM OPINION

Appellant Javon Lee Gilbert pleaded guilty to the first-degree felony offense of arson without an agreed punishment recommendation from the State. *See* TEX. PENAL CODE § 28.02(d)(2). The trial court deferred adjudication of Gilbert's guilt and placed him on community supervision for eight years. The State later filed a

motion to adjudicate Gilbert's guilt, alleging violations of the conditions of his community supervision, including that he committed the offense of murder. Gilbert pleaded "not true" to the alleged violations. After a hearing, the trial court found the allegations true, adjudicated Gilbert guilty of arson, and assessed his punishment at confinement for life. The trial court certified that this was not plea-bargain case and that Gilbert has a right to appeal. Gilbert timely filed a notice of appeal.

Gilbert's appointed counsel on appeal has moved to withdraw and filed a brief, stating that the record presents no reversible error and that the appeal lacks merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and is unable to advance any ground of error warranting reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Gilbert's counsel has certified that she mailed a copy of the motion to withdraw and the *Anders* brief to Gilbert and informed him of his right to access the record and file a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Counsel also certified that she provided Gilbert with a form motion for

pro se access to the records for his response. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Gilbert did not file a response to the *Anders* brief.

We have independently reviewed the entire record, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney BreAnna Schwartz must immediately send Gilbert the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform Gilbert of the result of the appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).